Citation Nr: 1111568 
Decision Date: 03/23/11 Archive Date: 04/05/11

DOCKET NO. 08-25 899 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in New York, New York


THE ISSUE

Whether new and material evidence has been received to reopen a claim for entitlement to service connection for bilateral hearing loss.


REPRESENTATION

Veteran represented by: Vietnam Veterans of America


ATTORNEY FOR THE BOARD

Jennifer R. White, Associate Counsel



INTRODUCTION

The Veteran served on active duty from January 1969 to August 1970.

This case comes before the Board of Veterans' Appeals (Board) on appeal from an October 2007 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Seattle, Washington. The Board notes that the Veteran resides in the jurisdiction of the New York, New York RO.

The issue of an increased rating for the Veteran's PTSD has been raised by the record, in a September 2010 statement, but has not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over it and it is referred to the AOJ for appropriate action. 

The appeal is REMANDED to the RO. VA will notify the Veteran if further action is required.


REMAND

In correspondence received during January 2011, the Veteran's representative requested that the Travel Board hearing the Veteran could not attend in January 2011 be re-scheduled. There was a snow storm the day of the scheduled hearing and the Veteran was unable to attend. A Veterans Law Judge granted the motion for rescheduling , denoted on the request to reschedule, under the provisions of 38 C.F.R. § 20.704(d). Thus, the case must be returned to the RO to schedule such hearing. 

Accordingly, the case is REMANDED for the following action:

Schedule the Veteran for a Travel Board hearing before a Veterans Law Judge. 

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2010).



_________________________________________________
ERIC S. LEBOFF
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2010).